IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KOMAA MNYOFU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. |
| | ) | |
| BOARD OF EDUCATION OF RICH | ) | Judge |
| TOWNSHIP HIGH SCHOOL DISTRICT | ) | |
| 227, HOWARD HUNIGAN in his | ) | |
| individual and official capacity, SONYA | ) | |
| NORWOOD in her individual and official | ) | |
| capacity, NATHANIEL MOTTEN, JR. in | ) | **JURY TRIAL DEMANDED** |
| his individual and official capacity, | ) | |
| DONNA LEAK in her individual and | ) | |
| official capacity, and PAUL WINFREY in | ) | |
| his individual and official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT AND JURY DEMAND**

Plaintiff Komaa Mnyofu by his attorneys, Jenner & Block LLP, brings this Complaint against the Board of Education of Rich Township High School District 227, Howard Hunigan, in both his individual and official capacity, Sonya Norwood, in both her individual and official capacity, Nathaniel Motten, Jr., in both his individual and official capacity, Donna Leak, in both her individual and official capacity, and Paul Winfrey, in both his individual and official capacity, (collectively "Defendants") and alleges as follows:

**INTRODUCTION**

1.    Plaintiff brings this action against Defendants pursuant to 42 U.S.C. § 1983 for violation of his rights under the First Amendment of the United States Constitution, applicable to the states through the Fourteenth Amendment, and under the laws of the State of

Illinois for intentional infliction of emotional distress, and for breach of contract. The Board of

Education of Rich Township High School District 227 (the "District") has a history of retaliating

against and attempting to improperly muzzle individuals, particularly Mr. Mnyofu, who attempt

to speak out and be heard by District administrators about Board policies and other matters of

public concern.  Defendants, their agents and employees, while acting under color of state law,

have engaged in and carried out acts to violate Plaintiff's First Amendment rights by retaliating

against him for speaking out on such matters of public concern.  Defendants have subjected

Plaintiff to illegal and unconstitutional harassment, threats, and deprivation of and interference

with the peaceful exercise of his constitutionally protected right of Free Speech.

## JURISDICTION AND VENUE

2.      This action arises under the First and Fourteenth Amendments to the
Constitution of the United States.

3.      Plaintiff Mr. Mnyofu's state law claims arise under the laws of the State of
Illinois.

4.      This Court has subject matter jurisdiction over the causes of action in this
Complaint pursuant to 28 U.S.C. § 1331.  The Court also has jurisdiction over the state law
claims pursuant to 28 U.S.C. § 1367.

5.      The events giving rise to this complaint occurred in this district.  Thus,
venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6.      Plaintiff Komaa Mnyofu is, and at all times relevant to this lawsuit has
been, a citizen of the United States and a resident of Richton Park, Illinois.  Before the events

giving rise to this lawsuit, Plaintiff was a regular attendee at and participant in District public meetings.

7.    Defendant The Board of Education of Rich Township High School District 227 (the "Board") is a unit of local government organized under the laws of the State of Illinois with offices at 20000 Governors Dr., Olympia Fields, County of Cook, State of Illinois. The Board is in charge of setting policy and overseeing the administration of three (3) public high schools within the District.

8.    Defendant Howard Hunigan ("Hunigan") at all times relevant to this lawsuit prior to and until July of 2010 was the Superintendent of the District. Hunigan was hired by the Board and during his tenure as Superintendent was the ranking public official in the District in charge of administering the school system and implementing policy set by the Board.

9.    Defendant Sonya Norwood ("Norwood") is, and at all times relevant to this lawsuit has been, the President of the Board. She is the head official of the Board, the policy making body of the District which oversees District administration.

10.    Defendant Nathaniel Motten, Jr. ("Motten") is, and at all times relevant to this lawsuit has been, the District Police Liaison for the Board. He is a security official of the Board who at all relevant times has acted under the direction of Superintendent Hunigan, Superintendent Leak, or the Board.

11.    Defendant Donna Leak ("Leak") is the Superintendent of the District as of July 2010. Defendant was hired by the Board and is the ranking public official in the District in charge of administering the school system and implementing policy set by the Board.

12.    Defendant Paul Winfrey ("Winfrey") is, and at all times relevant to this lawsuit has been, a police officer with the Park Forest Police Department.

-3-

## FACTS

13.     Plaintiff Mr. Mnyofu is an active and concerned citizen and resident of the District who frequently attends and actively participates in bi-monthly public meetings held by the Board.  These public meetings are held after regular business hours on public school grounds and are open to all residents and employees of the District.  These meetings serve as a public forum where the Board reports to District residents and where attending citizens are able to voice their concerns and opinions about the state of the District, the workings of the Board and the manner in which the Board and the Superintendent are administering the schools and handling the District's business.

14.     The parties to this lawsuit are familiar to this Court.  In December 2003, Plaintiff brought a 42 U.S.C. § 1983 action in this Court for violations of his First Amendment right of free speech, similar to those alleged here, that took place in 2002 and 2003 against the Board, then-Board superintendent and the assistant superintendent, and various other Board employees.  Mnyofu v. Board of Education, No. 03 C 2005 (N.D.Ill.) ("the 2003 lawsuit").  In October 2008, Plaintiff entered into a settlement agreement with the Board resolving Plaintiff's claims in the 2003 lawsuit.

15.     The 2003 lawsuit alleged that Defendants prevented Mr. Mnyofu from attending and speaking at Board meetings, and threatened him with arrest and prosecution if he went on or near the premises of schools located in the District.  The 2003 lawsuit alleged that Defendants instructed police officers to enforce this prohibition against Mr. Mnyofu's appearance at or participation in Board meetings.  In April 2005, Defendant Hunigan issued a "Notice of No Trespass" banning Mr. Mnyofu from communicating with District employees and from approaching District school grounds.

-4-

16.     Under the terms of the 2008 Settlement Agreement, Plaintiff agreed to dismiss his claims against Defendants, and Defendants agreed to pay Plaintiff a confidential sum and to notify all local police departments that the prohibition against Plaintiff's attendance at District meetings was lifted, which should have thereby restored Plaintiff's rights and ability to attend Board meetings and express himself freely.  The parties explicitly agreed in the Settlement Agreement that the amount of the settlement payment was to remain confidential, except under very limited circumstances.

17.     On May 27, 2009, in response to a letter sent to Defendant Hunigan by Matteson School District 162, the Board and Hunigan, through their legal representation, breached the confidentiality of the 2008 Settlement Agreement between the Board, Hunigan and Plaintiff Mr. Mnyofu by revealing to Matteson School District 162 the amount of the payment made to Mr. Mnyofu as part of the 2008 Settlement Agreement.

18.     The 2008 Settlement Agreement contains a liquidated damages clause which awards $15,000 to the non-breaching party in the event the other party discloses the settlement amount in violation of the agreement.

19.     On or about the evening of October 1, 2009, Plaintiff Mr. Mnyofu was present at the Board meeting held at Rich Central High School and was scheduled to speak during the public forum portion of the meeting.  In anticipation of an upcoming Superintendent selection process, Mr. Mnyofu voiced his concern that the Superintendent selection process in the past had been conducted unfairly and that numerous improprieties had taken place in these past processes.  Before Mr. Mnyofu concluded his statements and before the public forum portion of the meeting had ended, Defendant Norwood gaveled the meeting into adjournment. Shortly after the meeting, while Mr. Mnyofu was discussing District matters with Defendant

Norwood, Defendant Motten approached Mr. Mnyofu claiming to be a police officer, showed Mr. Mnyofu his gun in a confrontational manner, threatened him with arrest, and ejected Mr. Mnyofu from school grounds.

20.     Earlier that evening, during a closed session of the Board meeting where only Board members were present, members of the Board, including Defendants, discussed how to "get rid" of Mr. Mnyofu.

21.     On or about the evening of October 20, 2009, Plaintiff Mr. Mnyofu was present and scheduled to speak at the Board meeting held in Rich Central High School.  Before it was his turn to speak, while Mr. Mnyofu was speaking to other District residents in the hall outside of the meeting place, he was approached by as many as fifteen police officers led by Officer Mark Akiyama of the Olympia Fields Police Department.  Officer Akiyama, indicating that he was acting under orders given by Defendant Hunigan, ordered Mr. Mnyofu to leave school grounds, and threatened him with arrest if he refused to do so.  Mr. Mnyofu was subsequently ejected from school grounds and was not allowed to speak during his turn at the October 20 Board meeting.

22.     Mr. Khalfani Nyela, a resident of District 227, also attended the October 20, 2009 Board meeting and was removed with Mr. Mnyofu.  Prior to being removed from school grounds with Mr. Mnyofu, Mr. Nyela was grabbed by Defendant Leak's husband in an attempt to confiscate Mr. Mnyofu's informational fliers critical of Defendant Leak's performance as Assistant Superintendent of Student Learning & Accountability.  Earlier, Mr. Leak also snatched the same fliers from the hands of other citizens attending the Board meeting.

23.     Later on that same day, after Mr. Mnyofu and Mr. Nyela were escorted to the Rich Central parking lot by police, Defendant Donna Leak and her husband followed Mr.

Mnyofu to his car and wrote down Mr. Mnyofu's license plate number. Shortly thereafter, Defendant Leak and husband filed a police report with the Olympia Fields police department alleging that Mr. Mnyofu had approached her in a "threatening manner." No charges were ever filed against Mr. Mnyofu in relation to this incident.

24.     On October 20, 2009, counsel for the Board sent Mr. Mnyofu a cease and desist letter to prevent Mr. Mnyofu from distributing informational leaflets containing allegations of misconduct against school officials. The letter threatened legal action in the event Mr. Mnyofu continued to publish his leaflets. A copy of the cease and desist letter is attached hereto as Exhibit A.

25.     On October 21, 2009, Defendant Hunigan issued a "Notice of No Trespass," banning Mr. Mnyofu from all District property where a Board meeting is being held. In the letter, Defendant Hunigan threatens Mr. Mnyofu with arrest and criminal prosecution if he is found on District property while a Board meeting is taking place. Furthermore, Defendant Hunigan's letter attempts to bar Mr. Mnyofu from communicating directly with the Board or any District employee. A copy of Defendant Hunigan's October 21 letter is attached hereto as Exhibit B.

26.     On or about the evening of November 17, 2009, Mr. Mnyofu was in the parking lot of Rich South High School where a Board meeting was to be held soon thereafter. Mr. Mnyofu was accompanied by an individual named Mr. Robin Clark and was distributing informational leaflets to those attending the meeting and placing the leaflets on the windshields of parked vehicles when he was approached by Defendant Officer Paul Winfrey of the Park Forest Police Department. Mr. Clark had gone inside Rich South High School to distribute Mr. Mnoyfu's leaflets, but he returned to the parking lot just as Defendant Winfrey and other security

personnel surrounded Mr. Mnyofu. Explicitly referring to the "Notice of No Trespass" issued by Defendant Hunigan, Defendant Winfrey ordered Mr. Mnyofu to stop distributing leaflets and to leave the area, and threatened him with arrest if he refused to do so. Defendant Winfrey then confiscated and destroyed Mr. Mnyofu's leaflets. Moments later, after speaking with Defendant Hunigan and acting upon his orders, Defendant Winfrey ordered Mr. Mnyofu to leave the area and to not return to any Board meetings under the threat of arrest if he failed to obey that command.

27. Because of the "Notice of No Trespass" and the threat of arrest if he attended any open and public Board meetings, Mr. Mnyofu did not attend any Board meetings between November 17, 2009 and April 19, 2010.

28. On or about April 20, 2010, Mr. Mnyofu attempted to attend the Board meeting at Rich East High School. The police had physically blocked the door and it took approximately two hours for Mr. Mnyofu to get permission to enter the school. Mr. Mnyofu was informed that the police had to speak to Defendants and locate the "Notice of No Trespass" prior to his entry. Eventually, the police permitted Mr. Mnyofu to enter the school.

29. On or about the evening of May 6, 2010, Mr. Mnyofu attended the Board meeting at Rich East High School and was scheduled to speak during the public forum portion of the meeting. During his speaking turn, Mr. Mnyofu raised concerns about a teacher who was formerly employed by the District who had been convicted of raping a student and inquired as to what measures the Board was taking to protect students from predators such as the convicted teacher. While Mr. Mnyofu was still speaking, before he had completed his remarks and his turn had concluded, and before the public forum portion of the meeting had ended, Defendant

Norwood called the meeting into adjournment to prevent Mr. Mnyofu from speaking any further and told Mr. Mnyofu "you're not going to talk about anything."

30.     On or about the evening of May 18, 2010, Mr. Mnyofu attended a Board meeting and was scheduled to speak during the public forum portion of the meeting. While Mr. Mnyofu was speaking during his scheduled time, he raised the fact that he was being harassed by a District employee, causing Defendant Norwood to prompt security to prevent Mr. Mnyofu from finishing his statement. A Board security official, Brian Howard, approached the podium that Mr. Mnyofu was speaking from and ordered Mr. Mnyofu to cease speaking.

31.     On or about the evening of June 15, 2010 while Mr. Mnyofu was speaking with Defendant Norwood during a Board meeting held at the Rich South High School auditorium about how Board meeting rules cannot trump Constitutional rights, Mr. Redmond, a security officer acting under orders from the Board, grabbed Mr. Mnyofu in an attempt to remove him from the auditorium.

32.     On or about the evening of June 30, 2010 during a special Board meeting held at the offices of the Board, Mr. Mnyofu commented during the public forum portion of the meeting that it would be very detrimental to District schools for the Board to replace Principal Mr. Rainey of Rich Central High School, with a candidate for the position who was a former principal of other public schools who had a track record of failure at her previous positions. Acting Board president and Board member Tony Brunson deemed Mr. Mnyofu's comments to be "controversial" and adjourned the meeting immediately after those comments, ending the public forum portion, even though other citizens were waiting their turn to speak.

33.     On or about the evening of July 8, 2010, Mr. Mnyofu, a member of the Rich Central Parent Teacher Student Organization ("PTSO") was attending a scheduled meeting

at the Board offices between PTSO representatives and Superintendent Donna Leak. Defendant Leak ordered District personnel to videotape Mr. Mnyofu while he was in the meeting, and ordered a Board security official, Ed Ross, to escort Mr. Mnyofu to the meeting room and sit next to Mr. Mnyofu at all times during the meeting. As soon as Mr. Mnyofu attempted to speak at the meeting, Ed Ross, acting under orders from Defendant Leak, ordered Mr. Mnyofu to be quiet and prevented Mr. Mnyofu from making his intended comments criticizing the Board's hiring of a new school principal for Rich Central High School. Defendant Leak permitted the newly appointed interim principal of Rich Central, Patricia Welch, who was present at the meeting, to orally attack Mr. Mnyofu by falsely accusing him of not living in the District.

34. On or about the morning of July 14, 2010, while Mr. Mnyofu was distributing informational leaflets for the reinstatement of Mr. Rainey as school principal to parents on and around Rich Central High School, interim principal Ms. Welch approached Mr. Mnyofu and began harassing and yelling threats to Mr. Mnyofu. Ms. Welch ordered Mr. Mnyofu to leave and threatened him with arrest and prosecution if he continued to distribute the leaflets.

35. From September 2009 until May 2010, acting under orders from Defendant Hunigan, Lydia Hernandez, Hall Monitor and an employee of the Board, during different periods, continuously followed and harassed Mr. Mnyofu while he was on District grounds. Hernandez would stalk Mr. Mnyofu at various meetings, at times following Mr. Mnyofu all the way to his vehicle in the parking lot.

36. In an attempt to intimidate Mr. Mnyofu and chill the exercise of his free speech, and at the request of Defendants Hunigan and the Board, police presence at Board meetings is highly visible. Defendant Hunigan has consistently ordered police to attend

meetings in greater numbers beginning only after Mr. Mnyofu began publicly voicing his concerns and criticisms about the Board's performance. Though on average only about fifteen to twenty citizens attend these public Board meetings, more than four police officers and security personnel routinely are present in the meeting area.

37.     Finally, Board members often hold private meetings before the public meeting takes place where only Board members, the Superintendent and other Board employees are present. During these meetings Board members, Hunigan and Norwood regularly discuss methods for discouraging or preventing the public from speaking out against the Board. Defendants have particularly focused these discussions on how to prevent Mr. Mnyofu from attending, participating and speaking at Board meetings.

38.     The Defendants continue to prevent Mr. Mnyofu from participating in and expressing his viewpoints at the public Board meetings.

## COUNT I (42 U.S.C. § 1983)
## FIRST AMENDMENT VIOLATIONS

39.     Plaintiff Mr. Mnyofu hereby incorporates and realleges the allegations of paragraphs 1 through 38 as the allegations of paragraph 39.

40.     Exercising his constitutionally protected right of free speech, Plaintiff has spoken out and attempted to speak out at public bi-monthly Board meetings on various matters of public concern, including but not limited to the policy and practices of excluding black parents from meaningful participation in Board decisions, exclusion of black businesses in the letting of Board contracts, mishandling and embezzlement of public funds, deficient and worsening student academic achievement in the District, disregard for students' safety, favoritism in the hiring of poorly qualified candidates for various District positions and overall corruption and incompetence in the handling of District affairs.

41.     Defendants, those employed by the Board and also Officer Paul Winfrey, have used their offices to retaliate against Plaintiff for exercising his constitutionally protected right of free speech to criticize and express opposition to the Board's, Hunigan's and Norwood's acts and policies.

42.     Defendants Hunigan and Norwood have on numerous occasions directed Defendant Motten, Hernandez, other District employees, Defendant Officer Paul Winfrey and other police officers to silence, censure, harass, threaten and intimidate Plaintiff during his speaking turn at Board meetings and to eject him from District grounds, all in an effort to retaliate against Mr. Mnyofu and prevent him from speaking out about matters of public concern.

43.      Defendants, acting under color of state law, have on repeated occasions used force, threats and intimidation to prevent Mr. Mnyofu from speaking at public meetings on matters of public concern and to chill Mr. Mnyofu's speech.  Other specific acts of Defendants include but are not limited to:

i.      On or about October 1, 2009, Defendant Motten threatened Mr. Mnyofu with his gun and ejected Mr. Mnyofu during his speaking turn from a public meeting at Rich Central High School because Mr. Mnyofu publicly denounced corruption in the District's Superintendent selection process.

ii.      On or about October 20, 2009, Mr. Mnyofu was not allowed to speak during his scheduled turn at a Rich Central High School public meeting and was forcefully ejected by as many as fifteen police officers acting under orders from Defendant Hunigan.

iii.      On October 20, 2009, the Board's counsel sent Mr. Mnyofu the cease and desist letter attached as Exhibit A to prevent Mr. Mnyofu from distributing

-12-

informational leaflets containing allegations of misconduct against school officials and threatening legal action.

        iv.     On October 21, 2009, Defendant Hunigan issued the "Notice of No Trespass" attached as Exhibit B banning Mr. Mnyofu from all Board meetings and from communicating with any Board member, and threatening Mr. Mnyofu with arrest and prosecution.

        v.     On or about November 17, 2010, Defendant Officer Paul Winfrey, acting under orders from Defendant Hunigan, confiscated and destroyed informational leaflets that Mr. Mnyofu was distributing to attendees of a Board meeting at Rich South High School and forcefully ejected Mr. Mnyofu from school grounds under threat of arrest if he returned.

        vi.     On or about May 6, 2010, while Mr. Mnyofu was speaking during his turn at a Board meeting about a former District teacher who recently was convicted of a crime, Defendant Norwood interrupted Mr. Mnyofu, prevented him from finishing his statement and adjourned the meeting.

        vii.     On or about May 18, 2010, while Mr. Mnyofu was speaking during his turn at a Board meeting about being harassed by a District employee, Defendant Norwood ordered security personnel to approach Mr. Mnyofu and prevent him from finishing his statement.

        viii.     On or about July 8, 2010, as Mr. Mnyofu attempted to voice his concern about the hiring of a new school principal with a record of failures at her past positions, Board security personnel, acting under orders from Defendant Leak, threatened Mr. Mnyofu and ordered him to remain quiet.

44.     All of the overt acts of the Defendants and individuals listed therein were undertaken willfully and maliciously and have been committed for the express purpose and mutual understanding to punish and deprive Plaintiff of his First Amendment rights.

45.     All defendants were aware of Mr. Mnyofu's First Amendment rights and that he was exercising his rights validly.  Furthermore, Defendants knew that their conduct violated Mr. Mnyofu's rights.

46.     The Board, the local unit of government with final policymaking authority over the District, Board President Sonya Norwood and Superintendent Howard Hunigan have for years now repeatedly threatened and intimidated Mr. Mnyofu and prevented him from exercising his First Amendment rights and speaking at and participating in Board meetings.  Furthermore, Defendants in the past have engaged in similar conduct with respect to Mr. Mnyofu, which also resulted in litigation that was eventually settled.

47.     The malicious and retaliatory acts by Defendants have resulted in extreme humiliation and embarrassment to Plaintiff, as well as emotional pain and suffering, and have diminished Plaintiff's reputation in his community.

**COUNT II (42 U.S.C. § 1983)**
**CONSPIRACY**

48.     Plaintiff Mr. Mnyofu hereby incorporates and realleges the allegations of paragraphs 1 through 47 as the allegations of paragraph 48.

49.     Defendants have acted together and in concert to devise ways to censure anyone who disagrees with Board policies.  Mr. Mnyofu has been particularly targeted by Defendants who have acted together under color of state law to keep Mr. Mnyofu from expressing his views against the Board in public meetings.

50.     An explicit or implicit meeting of the minds occurred among and between Defendants the Board, Hunigan, Norwood, Motten and Leak on or about October of 2009 and continues to this day, with the purpose of depriving Mr. Mnyofu of his First Amendment right of free speech.

51.     The overt acts described in this complaint have been undertaken by Defendants willfully, maliciously, and knowingly in furtherance of the conspiracy. Defendants have conspired to harass, threaten and censure Mr. Mnyofu, and to retaliate against him to keep him from speaking out against Board policies in public meetings. Defendants knowingly and intentionally have acted in unison to violate Mr. Mnyofu's free speech rights.

**COUNT III**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

52.     Plaintiff Mr. Mnyofu hereby incorporates and realleges the allegations of paragraphs 1 through 51 as the allegations of paragraph 52.

53.     The conduct and acts of Defendants as alleged herein, were extreme and outrageous, done intentionally, willfully and wantonly, and/or knowing that there was a high probability that their conduct would cause Mr. Mnyofu severe emotional distress.

54.     As a direct and proximate result of Defendants' extreme and outrageous conduct, Mr. Mnyofu was injured and experienced severe emotional distress.

**COUNT IV**
**BREACH OF OCTOBER 2008 SETTLEMENT AGREEMENT**

55.     Plaintiff Mr. Mnyofu hereby incorporates and realleges the allegations of paragraphs 1 through 54 as the allegations of paragraph 55.

56.     In October of 2008, Plaintiff Mr. Mnyofu and Defendants entered the Settlement Agreement to end litigation regarding events similar to those now alleged here. As

part of the Settlement Agreement, Defendants paid Mr. Mnyofu an amount, which the parties agreed in writing was not to be disclosed to third parties except under very limited circumstances.

57.     Mr. Mnyofu fully performed all of his obligations under the Settlement Agreement.

58.     On May 13, 2009, legal counsel for the Matteson School District 162 sent Defendant Hunigan the letter attached as Exhibit C requesting that he reveal the amount paid to Mr. Mnyofu as part of the 2008 Settlement Agreement, and to provide a copy of the check and/or related documents.

59.     On May 27, 2009, Defendants the Board and Hunigan, through their legal representatives, violated the confidentiality provisions of the 2008 Settlement Agreement by revealing the amount paid to Mr. Mnyofu as part of the 2008 agreement in the letter attached as Exhibit D, together with an unedited copy of the 2008 Settlement Agreement and a copy of the settlement check issued to Mr. Mnyofu.

60.     The Settlement Agreement provides that the Defendants can disclose the settlement payment amount to "certain District administrators in order to carry out and effectuate the terms of this Agreement." (¶ 7.)  The Settlement Agreement also provides that "should either party be required to disclose the amount of the settlement agreement pursuant to an order of a court of competent jurisdiction or should this agreement or its terms be requested pursuant to subpoena, statute or other lawful process or as otherwise required by law, said disclosure will not constitute a breach of the confidentiality clause." (*Id.*)

61. Though the Settlement Agreement does provide that the settlement payment amount may be revealed to some persons under very limited circumstances, Defendants' breach does not fall under any one of these exceptions.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Mnyofu prays that this Court:

A. Declare that the policies, practices and acts complained of are illegal and unconstitutional.

B. Permanently enjoin Defendants from intimidating, threatening and preventing Mr. Mnyofu from attending and speaking at Board meetings and exercising his First Amendment rights.

C. Award compensatory damages from all Defendants in an amount to be determined at trial.

D. Award Plaintiff the $15,000 in liquidated damages that he is entitled to under the 2008 Settlement Agreement for Defendants' breach of the confidentiality of that agreement.

E. Award punitive damages from Defendants the Board, Board President Sonya Norwood, Howard Hunigan, Nathaniel Motten, Jr., Paul Winfrey, and Superintendent Donna Leak in an amount to be determined at trial.

F. Award reasonable attorney's fees, costs, and expenses, pursuant to 42 U.S.C. § 1988.

G. Award such other relief as this Court deems appropriate.

**JURY DEMAND**

Plaintiff  Mr. Mnyofu hereby demands a trial by jury on all issues so triable.


Dated: December 10, 2010                    Respectfully submitted,

                                            KOMAA MNYOFU

                                            By:    *s/Richard P. Steinken*
                                                   One of his Attorneys

Richard P. Steinken
Tiffany E. Clements
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Telephone: 312 222-9350
Facsimile: 312 527-0484

# **EXHIBIT A**

# SCARIANO, HIMES AND PETRARCA

**ATTORNEYS AT LAW · CHARTERED**

JOHN E. FESTER
Ext. 239
jfester@edlawyer.com

TWO PRUDENTIAL PLAZA, SUITE 3100
180 NORTH STETSON
CHICAGO, ILLINOIS 60601-6702
312-565-3100 · 800-820-3101
FACSIMILE 312-565-0000
WWW.EDLAWYER.COM

October 20, 2009

Via U.S. Mail

Mr. Komaa Mnyofu
P.O. Box 731
Matteson, Illinois 60443

> **Re:** **Rich Township H.S. Dist. 227**
> **Recent Allegations**

Dear Mr. Mnyofu:

Our firm serves as counsel to the Board of Education of Rich Township High School District No. 227. In that capacity, we have been asked to respond to a flier that has been left on the windshields of vehicles parked in the Rich Central parking lot. A copy of the flier is attached. The designation at the bottom of the flier contains your last name. Please contact the undersigned if you disclaim responsibility for this flier.

The content of this flier makes serious allegations of misconduct against District 227 administrators. If you have evidence that supports any of the allegations in the flier regarding Mr. Hunigan, Dr. McDonald or Mr. Hampton, please send it to my attention for investigation. Otherwise, you are hereby demanded to cease and desist from publishing such accusations. You are further advised that publication of false or defamatory statements regarding District 227 administrators or Board members will addressed through all available legal means.

Furthermore, if you have evidence that the Cook County State's Attorney's office is investigating any of the allegations set forth in the flier, please provide the name of the Assistant State's Attorney who is involved in this investigation so we may contact them directly.

I look forward to receiving the information I have requested above and any other evidence you have in support of your allegations. If you have an attorney, please forward this correspondence to that person with a request to contact me as soon as possible.

Very truly yours,

SCARIANO, HIMES AND PETRARCA, CHTD.

JOHN E. FESTER

JEF/emm
cc:  Board of Education
     Mr. Howard Hunigan
g:\wp51\communised2\sd227c\lts\mnyofu.docx

## CITIZENS OF RICH TOWNSHIP HIGH SCHOOL DISTRICT 227 – A PLEA TO GET INVOLVED IN SCHOOL DISTRICT SPENDING OF YOUR MONEY— WHY???

YOUR$$$$YOUR$$$$YOUR$$$$YOUR$$$$YOUR$$$$YOUR$$$
$$$$YOUR$$$$$YOUR$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$

### *REPORTS THAT COOK COUNTY STATE'S ATTORNEY IS INVESTIGATING Allegations of a KICKBACK SCHEME/ABUSE OF OFFICE WHERE:*

- *District 227 Director of Fiscal Services, Ilandus Hampton, had his basement remodeled in exchange for vendor getting a contract with District 227;*

- *District 227 Director of Human Resources, Selma McDonald, used school custodian, Grace Gabiez, to do house work at her home on school district time and funds;*

- *District 227 Superintendant, Howard Hunigan, used District 227 Building & Grounds employees to remove snow at his residence on school time and funds;*

 **ATTEND** THE NEXT PUBLIC SCHOOL BOARD MEETING ON OCTOBER 1ST @ 7:00PM, AT RICH CENTRAL HIGH SCHOOL [MEDIA CENTER]

**CALL 708-679-5800**, ASK SUPERINTENDENT HUNIGAN, FOR THE TRUTH ABOUT THESE ALLEGATIONS!!!

**OUR FAILURE TO ACT** *MEANS WE DON'T CARE ABOUT OUR CHILDREN AND OUR MONEY——YES——OR——NO?*

**STOP WASTE, ABUSE, CORRUPTION, MIS-EDUCATION OF OUR CHILDREN——NOW!!!!**

# **EXHIBIT B**



RICH TOWNSHIP HIGH SCHOOL

DISTRICT 227

CREATING A COMMUNITY OF LIFELONG LEARNERS

20000 GOVERNORS DRIVE, SUITE 200 • OLYMPIA FIELDS, ILLINOIS 60461
TELEPHONE 708-679-5800 • FAX 708-679-5733
www.rich227.org

October 21, 2009

Mr. Komaa Mnyofu
P.O. Box 731
Matteson, IL 60443

Re: Notice of No Trespass

Dear Mr. Mnyofu:

I was recently witness to inappropriate behavior that you exhibited on October 1, 2009, at a meeting of the Board of Education. Specifically, you disrupted the meeting by shouting, speaking out of turn, and acting in a threatening manner that made several people fearful for their safety. As this is not the first time you have disrupted a Board meeting with inappropriate behavior, you have demonstrated that you are unwilling and/or unable to behave properly at a public Board meeting.

Following that incident, you again exhibited inappropriate behavior at the District offices on October 15, 2009. Your conduct was very upsetting to our receptionist, and your accusations that she lied to you were completely unfounded and disruptive. As a result, you will no longer be admitted to the District offices without seeking and receiving an appointment with me. If you arrive unannounced, you will not be admitted, you will be asked to leave immediately, and the authorities will be called if you fail to comply.

Furthermore, this letter is to notify you that you are not permitted on any portion District 227 property where a Board of Education meeting or a Board committee meeting is taking place, beginning one (1) hour before the start of the meeting and continuing until one (1) hour after the meeting is adjourned. This restriction shall remain in place until further written notice. This includes all portions of the property where the meeting is being held and includes, but is not limited to, the parking lot and any interior portion of the building where the meeting is being held.

From this time forward, should you wish to address the Board of Education, or any District 227 employee, you are to put your communication in writing and direct it to my attention. I will share your communication with the Board or the appropriate party or parties, as the case may be. If a response is warranted, it will come from my office and be sent to your attention.

Page 2

Should you be found on District property in violation of this notice, we will consider this to be criminal trespassing, the police will be notified, and you will be subject to arrest and prosecution.

Sincerely,

Howard R. Hunigan,
Superintendent

copies:     Board of Education
             Olympia Fields Police Department
             Park Forest Police Department
             Richton Park Police Department

VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED
AND U.S. MAIL

# **EXHIBIT C**

312.884.5652

May 13, 2009

<u>VIA ELECTRONIC DELIVERY (hhunigan@rich227.org)</u>
<u>AND UNITED STATES MAIL</u>

Mr. Howard R. Hunigan
Superintendent
Rich Township High School District No. 227
20000 Governors Highway
Suite 200
Olympia Fields, Illinois 60461

      Re:    Information Request Pursuant to the
            Illinois Freedom Of Information Act (FOIA)

Dear Mr. Hunigan:

In my role as legal counsel for Matteson School District No. 162, I am writing to request your assistance in providing information pursuant to the Illinois Freedom of Information Act, 5 ILCS 140/1, *et seg.* Specifically, please provide me with copies of any documents relating to the resolution of a prior dispute between Rich Township High School District No. 227 ("District 227") and Komaa Mnyofu during the past five years, including, without limitation, documents which constitute or refer to the following: (1) the agreement, release or other document outlining the terms of the resolution of the dispute between District 227 and Komaa Mnyofu; (2) any payment of money or provision of other consideration by District 227 to Komaa Mnyofu in order to resolve a dispute between these parties (including a copy of any check, warrant or other document reflecting or constituting such payment or consideration); and (3) any document evidencing the timing of the payment of money or provision of other consideration by District 227 to Komaa Mnyofu.

If any additional information would be helpful in order to comply with this request for information, please do not hesitate to contact me. Thank you in advance for taking the time to provide the requested information.

                                    Sincerely yours,

                                    Chico & Nunes, P.C.

                                    Robert R. Hall, Jr.

RRH:dlf
cc: Mr. ILandus Hampton

# **EXHIBIT D**

# SRAGA HAUSER, LLC

## ATTORNEYS AT LAW

Alan T. Sraga • Teri E. Engler • John M. Izzo • Raymond A. Hauser
Daniel M. Boyle • Joel R. DeTella • Christopher L. Petrarca • William F. Gleason

WILLIAM F. GLEASON
FLOSSMOOR OFFICE
wgleason@sragahauser.com

May 27, 2009

### By Facsimile Transmission and
### First Class Mail

Mr. Robert R. Hall, Jr.
Chico & Nunes, P.C.
333 W. Wacker Dr., Suite 1800
Chicago, IL 60606

**Re:** *FOIA Request to Rich Township High School District 227*

Dear Mr. Hall:

The purpose of this correspondence is to respond to your May 13, 2009 Freedom of Information Request to Rich Township High School District 227. As you are aware, I am counsel to the District. After reviewing your request and relaying the discussion held between you and I, the District has decided to grant your request pursuant to the FOIA. As such, enclosed please find a copy of the settlement agreement signed by Mr. Mnyofu and a copy of the settlement check issued to Mr. Mnyofu. Neither I nor the District have any documentation which evidences when Mr. Mnyofu actually received this money but, pursuant to the settlement agreement, it was required to be forwarded to his counsel within ten (10) business days of October 22, 2008.

I would like to remind you that the decision to release this document pursuant to your request was reached only after your threat of litigation and the District's belief that such litigation would be a non-beneficial expense of its taxpayers' money. Pursuant to the settlement agreement, I must ask that you keep this document confidential to the fullest extent possible. I do realize, however, that you may need this document in order to proceed in some form of a public hearing involving Mr. Mnyofu.

Should you have any further questions or concerns, please contact me at your earliest convenience.

Very truly yours,

SRAGA HAUSER, LLC

WILLIAM F. GLEASON

cc: Mr. Howard Hunigan, Superintendent
5G:\DISTRICTS\SD2\SD227C\LtrHall.1.doc

19730 Governors Highway - Suite 10, Flossmoor, Illinois 60422-2083 • Phone: (708) 799-6766 • Fax: (708) 799-6866
2215 York Road - Suite 206, Oak Brook, Illinois 60523-2392 • Phone: (630) 928-1200 • Fax: (630) 928-1300