# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | Jeffrey Gilbert |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7870 | **DATE** | 7/26/2012 |
| **CASE TITLE** | Mnyofu vs. Board of Education of Rich Township High School District 227 | | |

**DOCKET ENTRY TEXT**

Defendants' motion for leave to file sur-reply to motion to compel [79] is granted. No appearance is required on the 7/31/12 notice date. Oral argument held on 7/26/12. Plaintiff's motion to compel closed session recordings [65] is granted in part and denied in part as stated in open court. [For further details see minute order attached].

■[ For further details see text below.]

Notices mailed by Judicial staff.

# STATEMENT

1. Defendants shall produce the withheld portion of the tape of the June 4, 2009, board meeting listed first on their privilege log [76-3] by 7/31/12. The Court overrules Defendants' objection to producing that tape based on the deliberative process privilege. Defendants failed to make a prima facie showing that the deliberative process privilege applies to the portion of the 6/4/09 board meeting Defendants are withholding from production. *Evans v. City of Chicago,* 231 F.R.D. 302, 316 (N.D. Ill. 2005). Moreover, based on Defendants' description of the contents of the withheld portion of the tape during the hearing and the Court's review of the unredacted portion of the minutes of the June 4, 2009 board meeting [78-3, at 15], the deliberative process privilege does not apply to the portion of the board meeting tape that is being withheld. The referenced board discussion does not appear actually to be antecedent to the adoption of a board policy or deliberative in the sense that it is actually related to the process by which a policy was formulated or adopted. As such, it does not come within the protection of the deliberative process privilege. *Evans, supra; Ferrell v. U.S. Dept. of Housing and Urban Development,* 177 F.R.D. 425 (N.D. Ill. 1998); *Jordan v. U.S. Dept. of Justice,* 591 F.2d 753, 774 (D.C. Cir. 1978) (en banc), *overruled on other grounds by Crooker v. Bureau of Alcohol, Tobacco and Firearms,* 670 F.2d 1051 (D.C. Cir. 1981). Indeed, counsel conceded at oral argument that the board did not actually adopt any policy derivative of or based upon the discussion on the portion of the tape that is being withheld and referenced in the redacted portion of the board minutes for 6/9/09 [78-3]. Although not specifically discussed during this morning's hearing, the Court also expects that Defendant will produce an unredacted version of the board minutes for the 6/4/09 board meeting, Bates # Rich000971 under the heading "FOIA Request to Rich Township Relating to Mr. Mnyofu - Superintendent Howard Hunigan" unless some other privilege insulates this redaction.

2. The Court overrules Defendants' objections to production of the remaining board tapes listed on its privilege log based upon the deliberative process privilege [78-3] for the same reasons as stated above: Defendants have not made a prima facie showing that the deliberative process privilege applies to the other

**STATEMENT**

portions of the board tapes listed on Defendants' privilege log and, as described, the portions of the tapes being withheld do not appear to be protected by the deliberative process privilege as interpreted and applied by the courts. *(Id.)* The Court is not ordering that these tapes be produced at this time, however, because Defendants also have raised an attorney-client privilege objection to producing these tapes. The Court's ruling here on the application of the deliberative process privilege to these remaining tapes listed on Defendants' privilege log (i.e., for board meetings on and after February 16, 2010) is without prejudice to Defendants attempting to show that the deliberative process privilege actually applies to the portions of the tapes being withheld based on both the attorney-client privilege and the deliberative process privilege. Based upon Defendants' descriptions of the withheld portions of the board meeting tapes in their privilege log, however, the Court is skeptical that Defendants can make such a showing for the reasons explained on the record.

3. Defendants shall complete their review of the board meeting tapes by 8/3/12 and, by that date, also (i) produce the portions of those tapes that are responsive to Plaintiff's First Request for Production of Documents No. 3 [66, Ex. A] as limited by Plaintiff to those portions of the tapes where Plaintiff is mentioned or his actions discussed, and (ii) produce a privilege log describing any portions of the tapes that are being withheld from production and the reasons that support Defendants' withholding of those documents or tapes. By 8/3/12, Defendants also shall amend their descriptions of the portions of the board minutes from February 16, 2010 forward on their privilege log so as to more fully describe the nature of the material being withheld and why it is covered by the attorney-client privilege (or the deliberative process privilege, see immediately preceding paragraph).

4. The parties will meet and confer after Defendant has complied with its obligations under the immediately preceding paragraph no. 3 about any documents or tapes that Defendants withhold from production on a claim of privilege. If they continue to have a dispute about Defendants' response to Plaintiff's Request for Production of Documents No. 3 and, in particular, Defendants' invocation of the deliberative process or attorney-client privilege, they will tee up that dispute with an appropriate motion before this Court. Counsel shall contact the Court's courtroom deputy, Elisa Perez (312-408-5024), to suggest a briefing schedule relating to that dispute.

5. If Defendants continue to rely on the deliberative process privilege, then they shall submit the next legal memorandum relating to that particular issue in support of a motion for a protective order. In that memorandum, Defendants shall articulate why that privilege applies in the context of this case and why the government misconduct and substantial need exceptions to the deliberative process privilege do not apply in this case. Plaintiff will then submit a legal memorandum responding to Defendants' arguments, and the Court will rule more definitively on the application of the deliberative process privilege in the context framed by the parties.

6. To the extent Plaintiff challenges Defendants' continued assertion of the attorney-client privilege to insulate from production certain portions of the board meeting tapes, Plaintiff shall inform Defendant by letter, after complying with Local Rule 37.2, of the particular entries on Defendants' privilege log as to which Plaintiff challenges Defendants' invocation of the attorney-client privilege. Defendant shall file the first legal memorandum in support of a motion for a protective order explaining why the attorney-client privilege applies to those tapes. Plaintiff shall file a response to that memorandum articulating his view as to why the privilege does not apply to the materials being withheld and the Court will rule more definitively on the application of the attorney-client privilege to the materials being withheld from production. The parties will provide to the Court, in the context of this briefing, a copy of Plaintiff's letter articulating his challenge to Defendant's invocation of the attorney-client privilege as described above and any responsive correspondence from Defendants in that regard.

**STATEMENT**

It is so ordered.